Frank **JIMISON**, Appellant,

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 98–551.

United States Court of Appeals for Veterans Claims.

Oct. 1, 1999.

---

William D. Wallace and Adam Gajadharsingh were on the brief for the appellant.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Jacqueline M. Sims, Acting Deputy Assistant General Counsel; and Darryl A. Joe were on the brief for the appellee.

Before HOLDAWAY, STEINBERG, and GREENE, Judges.

HOLDAWAY, Judge, filed the opinion of the Court. STEINBERG, Judge, filed a concurring opinion.

HOLDAWAY, Judge:

The appellant, Frank Jimison, appeals a January 1998 decision of the Board of Veterans' Appeals (BVA or Board) which denied compensation for a right knee condition under 38 U.S.C. § 1151. Both parties have filed briefs. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a). For the following reasons, the Court will affirm the decision of the Board.

## I. FACTS

The appellant served on active duty in the U.S. Navy from August 1950 to June 1954. In May 1993, the appellant underwent right knee surgery at a VA medical facility. The appellant's condition was not service connected nor does the appellant so contend. His physician, Dr. Duc Nguyen, stated in his operation report that the "procedure went well" but that the appellant should "continue in physical therapy." After surgery, the appellant received therapy from a VA clinic. In October 1994, VA informed the appellant that his physical therapy could not continue because his income level disqualified him from further treatment. After receiving this letter, the appellant requested that he be allowed to finish his physical therapy relating to his surgery. At this time, he alleged that he was experiencing more problems with his knee after surgery than he did before surgery. A VA regional office (VARO) treated this letter as a claim for compensation under 38 U.S.C. § 1151.

In April 1995, the VARO denied his claim for compensation. The appellant then appealed this decision to the Board. In support of his appeal, the appellant submitted medical treatment records following his May 1993 surgery. These records indicated that his knee was often swollen and painful upon examination. In June 1996, the appellant wrote a letter to the VARO which stated:

My main complaint in all of this is that I have never been given proper rehilbilitation [sic] care for my knee surgery. After the surgery while Doctor Gee was still alive and I saw him, I complained that I still was having difficulty with the use of my leg. On visits after that I told each doctor I saw (which by the way was for about five minutes each time) that I was still having difficulty in using my leg.

A short time after my last visit which was in Sept. of 1993, I was notified that I was no longer eligible for care at the hospital. This to me was wrong because you do not stop treating someone in the middle of a condition just because his income level changed. I can see it for any other treatment but the one that was in progress should have been completed first. I never received proper care after surgery and I believe that was the cause of my problems now with my knee.

In January 1997, VA provided the appellant with a medical examination by Dr. R. Eugene Bass to determine whether or not the VA medical treatment caused an additional disability. After reviewing the appellant's medical records, Dr. Bass concluded:

[I]t appears his attending physician wanted him to have more therapy but because of his financial classification, he was told he was not eligible for further therapy. If his physician did indeed recommend that he have further therapy, then it appears perhaps the results could have been sub-optimal secondary to his not receiving the recommended treatment.

On appeal, the Board concluded that the appellant had failed to present a well-grounded claim for compensation under 38 U.S.C. § 1151 because he had failed to submit any medical evidence to establish that he had incurred an additional disability as a result of VA medical care. The Board opined that "sub-optimal" results in postoperative recovery did not mean that the appellant had incurred an additional disability as required by the applicable statute.

## II. ANALYSIS

### A. 38 U.S.C. § 1151

█ Compensation for injuries incurred or aggravated by VA medical care is awarded pursuant to 38 U.S.C. § 1151. At the time the appellant filed his claim, this section stated:

Where any veteran shall have suffered an injury, or an aggravation of an injury, as the result of hospitalization, medical or surgical treatment, or the pursuit of a course of vocational rehabilitation under chapter 31 of this title, awarded under any of the laws administered by the Secretary, or as a result of having submitted to an examination under any such law, and not the result of such veteran's own willful misconduct, and such injury or aggravation results in the additional disability to or the death of such veteran, disability or death compensation under this chapter ... shall be awarded in the same manner as if such disability, aggravation, or death were service-connected.

38 U.S.C. § 1151 (1991). For claims filed prior to October 1, 1996, a claimant is not required to show some element of fault on the part of VA. *See Brown v. Gardner*, 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994) (holding that 38 U.S.C. § 1151 did not require claimant to show an element of fault in the VA medical treatment); *cf.* 38 U.S.C. § 1151 (Supp. III 1997) (amending this section to requiring some element of fault in the VA medical treatment for all claims filed after October 1, 1996).

█ Under 38 U.S.C. § 5107(a), all claimants seeking compensation, including those seeking compensation under 38 U.S.C. § 1151, have the initial burden of showing that their claim is well grounded. *Ross v. Derwinski*, 3 Vet.App. 141 (1992); *see also Buckley v. West*, 12 Vet.App. 76

(1998). For a claim to be well grounded under 38 U.S.C. § 1151, for claims filed prior to October 1, 1996, the appellant must provide:

> (1) Medical evidence of a current disability; (2) medical evidence, or in certain circumstances lay evidence, of incurrence or aggravation of an injury as the result of hospitalization, medical or surgical treatment, or the pursuit of a course of vocational rehabilitation under chapter 31 of title 38, United States Code; and (3) medical evidence of a nexus between that asserted injury or disease and the current disability.

*Jones v. West,* 12 Vet.App. 460 (1999). Once the appellant has established a well-grounded claim, the Board is required to adjudicate the claim on the merits and consider the other restrictions imposed by this section. *See, e.g.,* 38 U.S.C. § 1151 (must not be the result of the veteran's own willful misconduct); 38 C.F.R. § 3.358 (1996) (additional disability must not be the "natural progress" of the condition).

 As with any other well-grounded claim, "where the determinative issue involves medical causation or medical diagnosis, competent medical evidence to the effect that the claim is 'plausible' or 'possible' is required." *Grottveit v. Brown,* 5 Vet.App. 91, 93 (1993); *see also Heuer v. Brown,* 7 Vet.App. 379, 384 (1995). A lay person is competent to describe symptoms, but is not competent to offer evidence which requires medical knowledge, such as a diagnosis or a determination of etiology. *See Espiritu v. Derwinski,* 2 Vet.App. 492, 494–95 (1992). Unsupported by medical evidence, a claimant's personal belief, however sincere, cannot form the basis of a well-grounded claim. *Moray v. Brown,* 5 Vet.App. 211, 214 (1993); *Grottveit,* 5 Vet. App. at 92. For the purpose of determining whether a claim is well grounded, the credibility of the evidence in support of the claim is generally presumed. *Robinette v. Brown,* 8 Vet.App. 69, 75 (1995). Whether a claim is well grounded is a question of

law which the Court reviews de novo. *See King v. Brown,* 5 Vet.App. 19 (1993).

 In this case, the appellant has failed to furnish a well-grounded claim because he has failed to submit any evidence to establish a relationship between his VA medical care and any additional disability. Although the Board found that the appellant had failed to establish that he had incurred an additional disability, the Court will assume for the purposes of this argument that the appellant had incurred an additional disability or aggravated his knee condition for which he sought treatment. Nonetheless, the only competent medical evidence probative of the issue as to whether there is a causal relationship between the VA medical care and the appellant's additional disability is the opinion of Dr. Bass. Essentially, Dr. Bass stated that it is possible that the appellant may not have fully recovered from his knee surgery because VA discontinued the appellant's treatment on account of his financial status. However, Dr. Bass' report does not provide a nexus between the VA medical care and the appellant's additional injury. Rather, Dr. Bass implies that the VA adjudicative determination that the appellant was no longer eligible to receive VA medical care and the appellant's failure to seek private medical treatment once his VA medical benefits had been terminated caused his alleged additional disability.

Of course, a VA adjudicative decision is not VA medical treatment. If the appellant is not eligible to receive VA medical care, then he is not entitled to receive such care, even if he is currently receiving therapy for a procedure which occurred when he was eligible to receive VA medical care. Once the appellant is no longer eligible to receive VA medical care, then the Secretary cannot be responsible for any future medical care or lack thereof. In this case, when the appellant was informed that he was no longer entitled to VA medical care, it was his responsibility to seek therapy from another source. The adjudicative decision of the VARO, therefore, cannot con-

stitute VA medical care as contemplated by this statute.

In his brief, the appellant argues that his claim is well grounded under the doctrine of continuity of symptomatology. *See* 38 C.F.R. § 3.303(b); *Savage v. Gober,* 10 Vet.App. 488 (1997). The Court will assume for the purposes of this discussion that this regulation may be used for claims under 38 U.S.C. § 1151, for the Court has not yet addressed this subject. *See Jones, supra.* Nonetheless, this doctrine does not relieve the appellant of his burden of providing medical evidence which establishes a relationship between his current disability and his continuous symptomatology. Here, the appellant has failed to present the required medical evidence in order to provide a well-grounded claim under this regulation, even if it applies.

### B. Duty to Assist

■ Furthermore, the appellant argues that the Board failed to ensure that the appellant received an adequate medical examination pursuant to the duty to assist. *See* 38 U.S.C. § 5107(a). However, it is well established that the duty to assist does not apply until the appellant has submitted a well-grounded claim. *See Anderson v. Brown,* 9 Vet.App. 542 (1996). Finally, the appellant contends that the VA ADJUDICATION PROCEDURE MANUAL M21–1 requires the Secretary to assist the appellant even before his claim is well grounded. This Court has recently rejected the argument that the MANUAL M21–1 requires the Secretary to develop a claim before the appellant has submitted a well-grounded claim. *See Morton v. West,* 12 Vet.App. 477 (1999). The Board, therefore, did not err in failing to fully develop the appellant's claim.

### III. CONCLUSION

After consideration of the pleadings and a review of the record, the Court holds that the appellant has not demonstrated that the Board committed either legal or factual error which would warrant reversal or remand. The Court is also satisfied that the Board's decision fulfills the "reasons and bases" requirements of 38 U.S.C. § 7104(d)(1). *See Gilbert v. Derwinski,* 1 Vet.App. 49 (1990).

STEINBERG, Judge, concurring:

I join in the Court's opinion and write separately only to clarify the scope of the following statement in the opinion: "Of course, a VA adjudicative decision is not VA medical treatment." *Ante* at 78. By making that statement, the Court is not holding that a ***medical*** decision to discontinue VA treatment could ***not*** form the basis for a well-grounded claim under the pre-October 1997 version of 38 U.S.C. § 1151 applicable to this case. That is a matter not before us today because here there is ***no*** evidence that there was a medical decision to terminate therapy— only an administrative decision the results of which are not covered by section 1151.