**Melvyn L. ROBERTS, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–1993.

United States Court of Appeals for Veterans Claims.

Nov. 19, 1999.

Gerald L. Miller was on the brief for the appellant.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Michael A. Leonard, Deputy Assistant General Counsel; and Adam K. Llewellyn were on the pleadings for the appellee.

Before HOLDAWAY, IVERS, and GREENE, Judges.

HOLDAWAY, Judge, filed the opinion of the Court. IVERS, Judge, filed a concurring opinion.

HOLDAWAY, Judge:

The appellant, Melvyn L. Roberts, appeals the July 1997 decision of the Board of Veterans' Appeals (BVA or Board). The BVA determined that the appellant's claim for secondary service connection of arthritis in multiple joints, not including his hands and feet, was not well grounded. The appellant had previously been granted service connection for arthritis of his hands and feet secondary to frostbite that he had suffered during active duty in Korea. The appellant has filed a brief and a reply brief arguing that the Board's decision should be remanded for failure to comply with its remand order for a medical examination to discuss any etiological relationship between the appellant's frostbite that was incurred in service and his current arthritis. The Secretary has filed a motion for summary affirmance arguing that because the appellant's claim is not well grounded, the duty established under *Stegall v. West*, 11 Vet.App. 268 (1998), is not applicable. Because the Court distinguishes this case from the facts presented in *Stegall, supra,* and further defines the scope of the Board's and the Secretary's duty to comply with a remand order for a medical opinion, this case is not appropriate for summary disposition. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990). The

Court has jurisdiction of the case under 38 U.S.C. § 7252(a). For the following reasons, the Court will affirm the decision of the Board.

## I. FACTS

The appellant served on active duty in the U.S. Marine Corps from May 1950 to August 1951, including service in Korea. In 1952, the appellant was granted service connection and a 30% disability rating for residuals of frostbite of his hands and feet.

In February 1992, the appellant filed a claim for service connection of arthritis secondary to frostbite that he had suffered during service. The appellant was afforded a VA medical examination for his joints. X-ray examinations demonstrated that he had degenerative arthritis in multiple joints, including his hands, shoulders, feet, knees, hips, thoracic spine, and lumbar spine. The examining physician opined that the etiology of the appellant's arthritis was "wear and tear" consistent with the appellant's age. The VA regional office (VARO) denied the appellant's claim in June 1993. The appellant timely appealed the decision to the Board. He also submitted a copy of a training letter dated January 26, 1993, from the VA Director of Compensation and Pension Services about cold weather injuries. The letter stated that "[v]eterans who are service[ ]connected for cold injury [will] face an increased risk for developing the following conditions at the site of original injury: peripheral neuropathy, squamous cell carcinoma of the skin ..., arthritis, or bony changes such as lesions." The letter also stated that service connection could be granted even if the body as a whole was affected. The appellant also introduced a letter dated November 2, 1992, from the Veterans Health Administration that specifically noted that veterans who sustained cold injuries in Korea could experience "late sequelae of the injuries, including skin cancers in scars and arthritis." That letter stated that veterans with arthritis of joints that had been affected with cold injuries should be referred to a veterans benefits counselor in order to apply for service connection.

In May 1996, the Board issued a remand order which sought a medical opinion regarding the etiology of the appellant's arthritis in multiple joints. The Board stated that in light of the VA data relating to late sequelae of cold injuries, "a medical determination based on all the evidence of record is required before the Board can adjudicate the issue of secondary service connection for acquired arthritis affecting multiple joints, including the hands, and an opinion from an examining physician in this regard will be material and cannot be ignored." The Board ordered that a medical examiner should (1) express an opinion regarding the etiology of the appellant's arthritis involving multiple joints, (2) make reference to the VA letters previously discussed, and (3) review the appellant's claim folder. The Board explicitly ordered the VARO to insure compliance with the order and implement any corrective action necessary.

The appellant was afforded a complete VA medical examination of his joints by S. Hayat, M.D., a VA staff rheumatologist. Dr. Hayat noted that "[osteoarthritis] has been found to be associated with trauma as in athletes" and that "this patient has had a [history] of frostbite." Dr. Hayat was also requested to give his "opinion as to whether [the appellant's] arthritis of multiple joints[,] including the hands[,] is due to residuals of frostbite of [his] hands and feet." Dr. Hayat responded: "Cannot say whether related to frostbite or not." He noted that the appellant had degenerative joint disease of multiple joints, including his shoulder, hands, ankles, knees, and feet.

In January 1997, the VARO granted the appellant service connection for traumatic arthritis in his hands and feet secondary to residuals of frostbite in those areas. The VARO denied the appellant's claim for secondary service connection for degenerative arthritis in his remaining joints.

On appeal to the BVA, the Board determined that the appellant had not submitted evidence of a well-grounded claim for secondary service connection of degenerative joint disease in joints other than his hands and feet.

## II. ANALYSIS

 After a claimant has submitted evidence of a well-grounded claim, the Secretary has a duty to assist the claimant in developing the facts pertinent to the claim. *See* 38 U.S.C. § 5107(a); *Anderson v. Brown,* 9 Vet.App. 542, 546 (1996). The Court has held that the duty to assist includes a thorough and contemporaneous medical examination. *See Hicks v. Brown,* 8 Vet.App. 417, 421 (1995); *Green v. Derwinski,* 1 Vet.App. 121, 124 (1991); 38 C.F.R. § 4.2 (1998) (stating that if a medical report does not contain sufficient detail, the rating board must return the report as inadequate for evaluation purposes). In *Stegall,* this Court held "that a remand by this Court or the Board confers on the veteran or other claimant, as a matter of law, the right to compliance with the remand orders." 11 Vet.App. at 271. The Court also held that "the Secretary ... [had] a concomitant duty to ensure compliance with the terms of the remand" and that "the Board itself errs in failing to insure compliance." *Id.* In *Stegall,* "no psychiatric evaluation independent of the ... hospitalization [for post-traumatic stress disorder] was conducted despite the [BVA's] earlier remand order." *See id.* at 270. Because in *Stegall* the specific medical examination requested by the Board had not been completed, it was clear that the hospitalization records were inadequate for VA rating purposes and that the BVA's remand order had not been complied with. The Court held that the Board had committed prejudicial error, in that specific case, by failing to ensure compliance with its remand order for a medical evaluation. *Id.* at 271.

In this matter, the Board ordered the Secretary to obtain a medical opinion dis-cussing the etiology of the appellant's arthritis of multiple joints, including his hands and feet. The order also required the physician to (1) refer to the VA materials relating to late effects of cold injuries, including arthritis in the affected joints, and (2) review the appellant's claims file. The appellant was then examined by a VA rheumatologist. After his examination, the rheumatologist stated that he could not say whether the appellant's arthritis was related to in-service frostbite. The doctor did not discuss the VA issuances regarding the interrelationship of cold injuries and later occurring arthritis.

 This case is very different from the *Stegall* case. The claim for an increased rating was well grounded in *Stegall.* In this matter, the appellant's claim for secondary service connection for arthritis in his joints, other than his hands and feet, is not well grounded. *See* 38 U.S.C. § 5107(a). For a claim to be well grounded, a claimant must submit each of the following: (1) a medical diagnosis of a current disability; (2) medical evidence, or in certain circumstances lay evidence, of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the in-service injury or disease and the current disability. *See Caluza v. Brown,* 7 Vet.App. 498, 506 (1995), *aff'd per curiam,* 78 F.3d 604 (Fed. Cir.1996) (table). The appellant's claim is not well grounded because there is no medical evidence of a nexus between appellant's cold injuries and his current arthritis of the joints other than his hands and feet. *See id.* at 505 (holding that a BVA determination regarding whether a claim is well grounded is a question of the law that the Court reviews de novo).

 It appears that the appellant's claim for secondary service connection for arthritis in the joints of his hands and feet would have been well grounded at the time of the Board's remand order for an additional medical opinion. In *Wallin v. West,* the Court held that medical treatise information that "discusses generic relation-

ships with a degree of certainty such that, under the facts of a specific case, there is a least plausible causality based on objective facts rather than on an unsubstantiated lay medical opinion," the treatise information could serve as competent medical nexus evidence for a well-grounded claim. 11 Vet.App. 509, 514 (1998) (quoting *Sacks v. West,* 11 Vet.App. 314, 317 (1998)). Because the claim was well grounded, the Secretary had a duty to assist the veteran in developing the pertinent facts of his claim. *See* 38 U.S.C. § 5107(a). The Board determined that it would remand for a medical examination regarding arthritis in all the appellant's joints because his claims for secondary service connection were inextricably intertwined. However, once service connection was granted for the specific joints that had been affected with frostbite in service, i.e., his hands and feet, the claim regarding the remaining joints lacked any medical evidence of a nexus in order to well ground that separate claim. Because the claim was not well grounded, the Secretary had no duty to assist the appellant in developing the remaining claim. *See Anderson, supra.* For that reason, additional action by the Board to enforce its remand order was not required under *Stegall.*

Furthermore, in the *Stegall* case, the medical evaluation ordered by the Board had not been performed. In this case, the Secretary did assist the appellant in obtaining a medical opinion from a VA rheumatologist about the etiology of his arthritis. The fact that the medical opinion was inconclusive, regarding a relationship between the appellant's arthritis and residuals from frostbite, does not mean that the examination was inadequate. *Cf. Stegall, Hicks,* and *Green,* all *supra.* Indeed, given the fact that the appellant suffered frostbite almost forty years prior to the VA rheumatologist's examination, it is, perhaps, not surprising that the rheumatologist could not determine whether the frostbite had caused the arthritis. The portion of the BVA remand order requesting a medical opinion, regarding the etiol-

ogy of the appellant's arthritis, was substantially complied with. The lack of compliance in this matter relates to the doctors' failure to discuss the VA letters relating to cold injuries and arthritis. However, those letters asserted a relationship solely between later diagnosed arthritis and the areas affected by a cold injury. Compliance with that aspect of the remand order would not assist the appellant's claim for secondary service connection of the joints that were not affected by frostbite.

The Court holds that the appellant's claim for service connection of arthritis in his joints other than his hands and feet is not well grounded. *See Wallin* and *Caluza,* both *supra.* For that reason, the duty to assist was not triggered in relation to that claim for VA benefits, and additional action by the Board to enforce its remand order was not required under *Stegall.*

### III. CONCLUSION

After consideration of the pleadings of the parties and a review of the record, the July 1997 decision of the Board is AFFIRMED.

IVERS, Judge, concurring:

Attached to the veteran's opposition to the Secretary's motion for summary affirmance was a copy of Veterans Health Administration (VHA) Directive No. 98–052 (Nov. 18, 1998) (expires Sept. 30, 1999). This document could not have been before either the Secretary or the Board as it was not issued until after both had concluded their review of the claim. Therefore, the Court cannot comment on what effect the directive might have on whether the veteran, who is receiving medical care from VA for a service-connected disability, can obtain an opinion from a VA medical professional in an attempt to well ground his claim for an increased evaluation.