﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 190809-101553
DATE: April 30, 2021

ORDER

Entitlement to service connection for headaches is dismissed.

Entitlement to service connection for arthritis is dismissed.

Entitlement to service connection for a sleep condition is dismissed.

Entitlement to service connection for a mental health condition is dismissed.

REMANDED

Entitlement to service connection for a right knee condition is remanded.

Entitlement to service connection for a left knee condition is remanded.

Entitlement to service connection for a right hand condition is remanded.

Entitlement to service connection for a left hand condition is remanded.

Entitlement to service connection for a right shoulder condition is remanded.

Entitlement to service connection for a left shoulder condition is remanded.

Entitlement to service connection for a right arm condition is remanded.

Entitlement to service connection for a left arm condition is remanded.

Entitlement to service connection for left upper extremity nerve damage is remanded.

Entitlement to service connection for left lower extremity nerve damage is remanded.

Entitlement to service connection for right upper extremity nerve damage is remanded.

Entitlement to service connection for right lower extremity nerve damage is remanded.

Entitlement to service connection for hypertension is remanded.

FINDING OF FACT

During his January 2021 “virtual” hearing before the Board, so prior to the promulgation of a decision in this appeal, the Veteran withdrew his claims for service connection for headaches, arthritis, a sleep condition, and a mental health condition.

CONCLUSION OF LAW

The criteria are met for withdrawal of the appeal of these claims. 38 U.S.C. § 7105; 38 C.F.R. § 20.204.

 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from January 1979 to January 1983. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). In May 2019, in response to a March 2019 Statement of the Case (SOC), the Veteran submitted VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement (NOD)) and requested a hearing. He since had his “virtual” hearing in January 2021 before the undersigned Veterans Law Judge (VLJ) of the Board. A transcript of the proceeding is of record.

Because he elected the hearing option, in deciding this appeal, the Board may only consider the evidence of record at the time of the Agency of Original Jurisdiction (AOJ), i.e., Regional Office (RO) decision the Veteran has appealed (March 2019), as well as any additional evidence he or his representative submitted during the January 2021 virtual hearing or within 90 days following it during the permissible “grace period” (so until April 2021). See 38 C.F.R. § 20.302(a).

Ordinarily, this would preclude obtaining and considering any other evidence. However, there were pre-decisional, duty-to-assist errors that need correcting before deciding these claims on appeal, that is, the ones other than those being summarily dismissed since withdrawn. The additional evidence received will be considered by the RO when subsequently readjudicating the claims. See 38 C.F.R. § 3.103(c)(2)(ii).

The Board also notes that the Veteran’s claims of entitlement to service connection for a right foot disorder and for a total disability rating based on individual unemployability (TDIU) are part of a separate AMA appeal stream. The RO is still in the process of completing necessary development of these other claims, so they are not before the Board at this time and will be addressed in a later decision. 

 

1. Entitlement to service connection for headaches

2. Entitlement to service connection for arthritis

3. Entitlement to service connection for a sleep condition 

4. Entitlement to service connection for a mental health condition 

The Board may dismiss any appeal that fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be by the appellant or authorized representative. 38 C.F.R. § 20.204; Anderson v. Brown, 9 Vet. App. 542 (1996). Withdrawal of a claim is only effective where the withdrawal is explicit, unambiguous, and done with full understanding of the consequences of such action on the part of the claimant. DeLisio v. Shinseki, 25 Vet. App. 45 (2011); Hanson v. Brown, 9 Vet. App. 29 (1996). A withdrawal is effective upon receipt of the request. 38 C.F.R. § 20.204(b)(3).

During the January 2021 virtual hearing before the Board, the Veteran and his representative indicated they are no longer appealing his claims for service connection for headaches, arthritis, a sleep condition, and a mental health condition. Their statement of intention to withdraw the appeal of these claims satisfies the requirements for their withdrawal. Although the Court has distinguished written withdrawals from those, instead, done on the record orally during a hearing, here, the record shows the Veteran decided to withdraw the appeal of these claims after discussion with his representative, who is an attorney, and the request to withdraw the appeal of these claims is “explicit, unambiguous, and done with a full understanding of the consequences of such action.” DeLisio, 25 Vet. App. at 57; see also Acree v. O’Rourke, 891 F.3d 1009 (Fed. Cir. 2018). Thus, as he has withdrawn his appeal of these claims, there remain no allegations of error of fact or law for appellate consideration concerning them. Accordingly, the Board does not have jurisdiction over these claims and, consequently, they are summarily dismissed.

REASONS FOR REMAND

1. Entitlement to service connection for a right knee condition is remanded.

2. Entitlement to service connection for a left knee condition is remanded.

3. Entitlement to service connection for a right hand condition is remanded.

4. Entitlement to service connection for a left hand condition is remanded.

5. Entitlement to service connection for a right shoulder condition is remanded.

6. Entitlement to service connection for a left shoulder condition is remanded.

7. Entitlement to service connection for a right arm condition is remanded.

8. Entitlement to service connection for a left arm condition is remanded.

9. Entitlement to service connection for left upper extremity nerve damage is remanded.

10. Entitlement to service connection for left lower extremity nerve damage is remanded.

11. Entitlement to service connection for right upper extremity nerve damage is remanded.

12. Entitlement to service connection for right lower extremity nerve damage is remanded.

13. Entitlement to service connection for hypertension is remanded.

 

The Veteran has not been afforded VA examinations to determine the nature and etiology of these remaining disabilities that are being additionally claimed, which he alleges began during his service or are attributable to his service. See, e.g., January 2021 Board Hearing Transcript. VA’s duty to assist includes providing a medical examination for an opinion when needed to decide a claim. McLendon v. Nicholson, 20 Vet. App. 79 (2006); 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4).

Specifically, the Veteran testified during his January 2021 Board hearing that, while serving in the 101st Airborne Air Assault Division, he began experiencing pain in both of his knees as a result of jumps from airplanes and helicopters. He also contended that his bilateral (right and left) arm disability, bilateral shoulder disability, bilateral hand disability, and bilateral upper extremity nerve damage were due to constantly carrying mortars, weighing upwards of 70 pounds, as part of his military occupation specialty (MOS) as an indirect fire infantryman. See January 2021 Board Hearing Transcript. Also, during the permissible grace period following the hearing to submit additional evidence and argument, the Veteran submitted a medical opinion from private physician Dr. V. S. in January 2021 in support of these claims for service connection. Notably, however, Dr. V. S.’s opinion is inadequate for adjudication purposes because it is based on the Veteran’s self-report, not review of the claims file. And, although that, alone, is not dispositive of the probative value of a medical opinion, since, as an example, the Veteran may be a credible historian in recounting his relevant history, this lack of independent review does have significance if the examiner does not reconcile conflicts in the evidence or account for relevant facts. See Kowalski v. Nicholson, 19 Vet. App. 171 (2005); Coburn v. Nicholson, 19 Vet. App. 427 (2006). But that notwithstanding, more importantly Dr. V. S. failed to provide any rationale for his conclusions, which is where most of the probative value of an opinion is derived. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-04 (2008). 

Regarding the Veteran’s claim for service connection for bilateral lower extremity nerve damage, he reported that it occurred following frostbite while serving on a mission in Alaska during the winter. 

Lastly, during the January 2021 Board hearing, the Veteran also testified that his hypertension was diagnosed within seventh months of his separation from service by a physician at Grady Memorial Hospital in Atlanta. However, these treatment records have not been obtained and associated with the claims file. Moreover, the Veteran testified during his hearing that he repeatedly experienced dizziness in service, which he believes was initial indication of his hypertension. Therefore, further development is required to comply with the duty to assist him in developing the facts pertinent to this claim. See 38 U.S.C. § 5103A(b); 38 C.F.R. § 3.159(c).

Accordingly, these claims are REMANDED for the following action:

1. Contact the Veteran and request authorization to obtain any outstanding records pertinent to his claims, to include those from Grady Memorial Hospital in Atlanta, Georgia, regarding any treatment he received there relatively soon after conclusion of his service (within 6-7 months after his service), following proper procedure and protocol (38 C.F.R. § 3.159(c)). Appropriately notify him and his representative if unable to obtain any records that he identifies with the required amount of information (38 C.F.R. § 3.159(e)). 

2. After obtaining all additional treatment or other relevant records, provide the Veteran a VA examination by a qualified clinician for a medical opinion concerning the nature and etiology of his bilateral knee disability, bilateral hand disability, bilateral shoulder disability, bilateral arm disability, bilateral upper and lower extremity nerve damage, and hypertension. A copy of this remand and all relevant medical and other records must be made available to the examiner for review. The examiner should review the pertinent evidence, including the Veteran’s lay assertions regarding the history of these claimed disabilities.

Based on review of the Veteran’s medical records, his lay statements regarding the development and treatment of these claimed conditions, and a review of all other relevant evidence in the claims file, including, again, a complete copy of this remand, the examiner should answer the following questions:

Is it at least as likely as not (a 50 percent or greater probability) the Veteran’s bilateral knee disability, bilateral hand disability, bilateral shoulder disability, bilateral arm disability, bilateral upper and lower extremity nerve damage, and hypertension began during his service from January 1979 to January 1983, or within a year of his discharge, so by January 1984 (as concerning the claim for hypertension and any involving arthritis or other presumptive condition), or are otherwise related or attributable to a disease, an event, or an injury in service? 

*The precipitating incidents in service that he cites as reasons he now has these claimed disabilities include reportedly sustaining frostbite while serving on a mission in Alaska during the winter (bilateral lower extremity nerve damage), repeated dizziness (hypertension), “wear and tear” on his body while in the 87th Airborne Division and even after being switched to another Division, 101st, including from carrying heavy mortars since shoulder used to give out a lot, also setting them up and the jumps (knees and upper extremities)? 

 

The mere absence of evidence of treatment for these claimed conditions in the Veteran’s service treatment records (STRs) cannot, alone, be sufficient rationale for disassociating them from his service. However, it is permissible to consider that as a factor, just not the only factor, in determining whether they are attributable to his service. If the examiner believes it is reasonable to have expectation of some documentation of these disabilities in the STRs, then explanation of why this expectation is reasonable must be provided.

The examiner is also advised that the Veteran is competent to report his symptoms and history, and his reports must be specifically considered in formulating any opinions. If the examiner rejects the Veteran’s reports, the examiner must provide reason for doing so.

Rationale for the opinions therefore is essential, regardless of whether favorable or unfavorable to these claims, preferably citing to evidence in the file supporting conclusions and/or accepted medical authority.

 

 

KEITH W. ALLEN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Mukherjee

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.