Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 191015-37592
DATE: May 28, 2021

REMANDED

The claim for compensation under 38 U.S.C. § 1151 for mesenteric vein thrombosis (claimed as blood clots) is remanded.

The claim for compensation under 38 U.S.C. § 1151 for resection of the small intestine is remanded. 

The claim for compensation under 38 U.S.C. § 1151 for surgical scars status-post resection of large and small intestines is remanded.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active duty service in the United States Army from January 1972 to December 1973.

This issue comes before the Board of Veterans' Appeals (Board) on appeal of a September 2019 rating decision from a Department of Veterans Affairs (VA) Regional Office (RO). Given the date of the rating decision on appeal, the Veteran's appeal is governed by the modernized review system, known by the Board as the AMA. 38 C.F.R. § 19.2. On his October 2019 notice of disagreement to the Board, the Veteran selected direct docket review. Accordingly, the Board may review the evidence in the Veteran's file as of the date of the rating decision on appeal. 38 C.F.R. § 20.301.

Though this appeal is governed by the AMA, it also straddles the period in which only the legacy appeals system was applicable. To that end, an April 2018 rating decision denied the claims for compensation under 38 U.S.C. § 1151 for resection of the small intestine and for scars related to that surgery. The Veteran thereafter requested reconsideration of that decision, and he submitted new and material evidence within a year of the April 2018 rating decision. Accordingly, that decision was never final, and the Board need not determine whether these issues warrant reopening (as would be required under the legacy system) or readjudication (as required here, under the AMA). 

REASONS FOR REMAND

1. The claim for compensation under 38 U.S.C. § 1151 for mesenteric vein thrombosis (claimed as blood clots) is remanded.

2. The claim for compensation under 38 U.S.C. § 1151 for resection of the small intestine is remanded. 

3. The claim for compensation under 38 U.S.C. § 1151 for surgical scars status-post resection of large and small intestines is remanded.

The Board is requesting further development of the record to obtain a more comprehensive VA medical opinion on the issues relevant to whether section 1151 compensation is warranted. 

Previously, the claims for section 1151 compensation for alleged VA medical negligence were denied because the RO repeatedly found on the basis of VA medical opinions in 2018, and the following year, that there was absence of any faulty or negligent treatment on the part of VA. The basis for which the Veteran seeks recovery on this claim, is that there was a May 4, 2015 partial large intestine resection procedure done at a VA Medical Center (VAMC) in order to resect a cecal polyp, and it resulted in GI bleeding and mesenteric vein thrombosis as post-operative complication, having necessitated a June 2015 corrective procedure with partial resection of the small intestine and post-operative residual scar as a result. 

The RO observed the VA treatment was the actual cause of additional disability from the June 2015 second corrective procedure, after the VAMC partial small intestinal resection, although it did not find the proximate cause requirement met on the whole, because of lack of showing of fault. This was based on both March 2018 and July 2019 VA medical opinions that stated this conclusion that apparently there was not a medical negligence or fault requirement shown. 

The 2018 VA opinion notably said the outcome of VA treatment was "an unfortunate unforeseen event", though for whatever reasons the RO adjudicator did not consider this to show proximate causation under the second available prong of the definition, at 38 C.F.R. § 3.361(d)(2). Despite this, the 2019 VA examiner considered the events foreseeable, and not negligence. However, there is a somewhat limited rationale from a basic explanatory standpoint. This becomes a basis for a remand for addressing a pre-decisional error by the RO as Agency of Original Jurisdiction (AOJ), because VA case law requires a basis for accepting an opinion. See generally, Bloom v. West, 13 Vet. App. 185, 187 (1999) (a medical opinion based on speculation, without supporting clinical data or other rationale, does not provide the required degree of medical certainty).

The area of consideration where the Board requests development is how to accurately summarize the complete factual history and in a way that answers the question of "proximate causation", for both prongs, medical negligence and/or unforeseeability under 38 C.F.R. § 3.361(d). Of note, the July 2019 VA examiner stated "no failure on the part of VA to timely diagnosis and/or properly treat the claimed disease or disability." There was not lack of skill, negligence, lack of timeliness, or fault. Further, according to the examiner, there was not unforeseeability. "[The June 2015 condition] could reasonably have been foreseen by a reasonable healthcare provider" and as it was considered a "common sequela of abdominal surgery." The Board does not doubt any of this is plausible and may be the case, however, it raises an obvious question as to whether the June 2015 post-operative residual bleeding with a mesenteric thrombosis may have so common or common enough, that it could or should have been better anticipated. 

For further information and to get another opinion on whether the June 2015 medical issue that developed was foreseeable (since 2018 and 2019 examiners had a difference of opinion there), another VA examination is warranted. 

This will also give an opportunity to consider a contention that had been raised by the Veteran, that after the May 2015 VAMC procedure, there should have been prescribed by VA physicians blood thinner medication because it would have prevented blood clots from developing. 

The matters are REMANDED for the following action:

Obtain another opinion regarding this claim for compensation under 38 U.S.C. § 1151 from an examiner who has not previously evaluated the case. A gastroenterologist (or an examiner with similar expertise) would be preferable but is explicitly not required to satisfy this directive. The claims file must be made available for the examiner to review, and the examiner should confirm this review was completed.

An opinion is requested whether the additional disability that occurred following May 2015 large intestine partial resection at the VAMC, consisting of mesenteric vein thrombosis and June 2015 small intestine partial resection as corrective procedure (and residual scar), was proximately caused by a course of VA treatment. The examiner should address the following considerations: 

(a) Whether the proximate cause of the additional disability was carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of VA in furnishing the surgical treatment provided; or

(b) Whether the proximate cause of the additional disability was an event not reasonably foreseeable.

Review is requested of the prior 2018 and 2019 opinions. The examiner is asked to resolve prior examiners' discrepancy on whether mesenteric venous thrombosis was or was not a foreseeable outcome of the May 2015 GI procedure done at the VAMC. Please indicate further, if mesenteric venous thrombosis were a foreseeable consequence of the May 4, 2015 VA GI surgery, exactly why, or instead why not, VA providers' alleged failure to anticipate that event would be potentially categorized as being an instance of negligent, faulty or deficient medical care. 

It is further asked the examiner also address the contention previously raised by the Veteran, that after the May 2015 VAMC procedure, there should have been prescribed by the VA physicians a blood thinner medication because it would have prevented blood clots from developing. 

(Continued on next page)

The examiner should provide all findings, along with a complete rationale for his or her opinion(s) in the examination report. If any of the above requested opinions cannot be made without resort to speculation, then the examiner should state this and provide a rationale for such conclusion.

 

 

Evan M. Deichert

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Lyons, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.