**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 99-1144

ROBERT W. BEST, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before FARLEY, HOLDAWAY, and IVERS, *Judges*.

**O R D E R**

In a single-judge order of March 22, 2001, the Court remanded the March 31, 1999, decision of the Board of Veterans' Appeals (BVA or Board) that denied entitlement to an effective date earlier than July 16, 1990, for a total (100%) disability rating for post-traumatic stress disorder. The Court found that a remand was required in light of the recent enactment of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000). On April 3, 2001, the appellant filed a timely motion for reconsideration or panel decision.

In his motion, the appellant contends, inter alia, that the Court erred in failing to consider the other allegations of error made by the appellant which were unrelated to the VCAA. The appellant suggests that the Court should consider other allegations of error, even if they would call for no greater remedy than a remand, and even if the ultimate disposition of the case is a remand required by the VCAA's passage. He reasons that the errors alleged are capable of repetition on remand, and states that the fact that he may raise those allegations of error before the Board on remand "is of no comfort or value to the appellant."

From the outset, it has been the practice of this Court that when a remand is ordered because of an undoubted error that requires such a remedy, the Court will not, as a general rule, address other putative errors raised by the appellant. *See Dunn v. West*, 11 Vet.App. 462, 467 (1998) (the Court's remand of the appellant's PTSD claim under one theory mooted the remaining theories that would also mandate a remand of that claim); *cf. Aronson v. Brown*, 7 Vet.App. 153, 155 (1994); *Mokal v. Derwinski*, 1 Vet.App. 12 (1990). In most cases, where the Court vacates a decision of the Board and remands the matter for readjudication, a disagreement as to any of the alleged errors in that decision will be rendered moot because the Board is required to readjudicate the matter anew. *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991) ("A remand is meant to entail a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case").

Moreover, other courts regularly decline to address the remaining allegations of error if the court orders a remand and new trial based on any one allegation of error. The courts do this routinely, even if the allegation of error is theoretically capable of repetition at the new trial that the appellant will receive, such as a jury instruction or evidentiary ruling. *See, e.g., United States v. Shipsey*, 190 F.3d 1081, 1088-89 (9th Cir. 1999) (because the court held that the district court erred by constructively amending the theft counts in the indictment, requiring reversal and a remand for a new trial, the court need not reach the appellant's remaining challenges); *Umpleby v. Potter & Brumfield, Inc.*, 69 F.3d 209, 215 (7th Cir. 1995) ("While there were many procedural problems that occurred below, including the arguably erroneous admission of much evidence, we need not reach these issues in light of our decision to remand for a new trial"); *United States v. Young*, 17 F.3d 1201, 1205 n.9 (9th Cir. 1994) ("Because we find that [the appellant] is entitled to a new trial, we need not reach his claim that the district court abused its discretion in refusing to hear his motion to suppress the evidence found in his truck. . . . [The appellant] may renew his claim on remand"); *Dakota Industries, Inc. v. Ever Best Ltd.*, 28 F.3d 910, 914 (8th Cir. 1994) ("In light of our reversal and order of a new trial, we need not consider [the appellant's] arguments of other jury instruction and trial errors").

Similarly, in the present case, where the appellant's claim was remanded due to the VCAA's passage, the Court clearly need not, nor has it in the past, consider other theories which would also warrant a remand. The Court's practice of limiting its opinions to the issue necessary to effect a remand is consistent with the jurisdictional statute under which the Court operates. That statute states that "in any action brought under this chapter, the Court of Appeals for Veterans Claims, *to the extent necessary to its decision* and when presented shall . . . (1) decide all questions of law." 38 U.S.C. § 7261(a) (emphasis added). Of course, within the statutory definition of "to the extent necessary," there may be appropriate circumstances that would cause the Court, in its discretion, to touch upon another issue, whether raised by the appellant or not.

The Court disagrees with the appellant's assertion that the ability to raise allegations of error before the Board on remand is "of no value." The appellant forgets that if this Court were to rule against him regarding those allegations of error, he would be foreclosed from asserting them before the Board on remand. A narrow decision preserves for the appellant an opportunity to argue those claimed errors before the Board at the readjudication, and, of course, before this Court in an appeal, should the Board rule against him.

Moreover, if this Court were to "lay down the law" as the appellant suggests, given the different context, factually and legally, in which the new adjudication will take place, such an opinion would be nothing more than advisory, amounting to awarding declaratory relief, which we are not authorized to do. *Nagler v. Derwinski*, 1 Vet.App. 297, 306-07 (1991). Even if we had jurisdiction to consider the appellant's arguments (*but see Aronson, supra*), we must be ever mindful of the "unwisdom of venturing an advisory opinion." *In re Smith*, 7 Vet.App. 89, 94 (1994) (J. Steinberg, dissenting); *see also Waterhouse v. Principi*, 3 Vet.App. 473, 474 (1992) (in order for there to be a case or controversy, the Court "must have the ability to resolve the conflict through the specific relief it provides").

Finally, the statute and cases cited above which counsel judicial restraint are not only good law, but also make good, common sense. As noted above, a remand orders the Board to adjudicate the appellant's case anew. The new adjudication ordered will, necessarily, be conducted in an entirely different context legally and perhaps factually as well. Such putative errors that the appellant raised before this Court concerning the "old" adjudication can be reasserted if he still believes that the "old errors" have been perpetuated and are relevant in the context of the new adjudication. The briefs before this Court will, presumably, be available. The adjudicators may then consider these matters, for whatever value they may be, in the context of the new adjudication. If the appellant still believes error has been committed, he may then present that issue to this Court by way of an appeal. *See Kutcherousky v. West*, 12 Vet.App. 369, 372 (1999). The Court will continue the practice it has followed, which is consistent with its jurisdictional statute and appellate practice elsewhere; we will render our decisions on the narrowest possible grounds.

Upon consideration of the foregoing and the record on appeal, it is

ORDERED, by the single judge, that the appellant's motion for reconsideration is DENIED. It is further

ORDERED, by the panel, that the appellant's motion for a panel decision is DENIED.

DATED: May 15, 2001                                        PER CURIAM.