ORDER

GAJARSA, Circuit Judge.
Ronald E. Pinther moves to stay proceedings pending resolution of Airington v. Principi, 01-7075, 2002 WL 539088 (Fed.Cir.2002). Pinther states that the Secretary of Veterans Affairs opposes. The court considers whether Pinther’s ap *546 peal should be dismissed because he has appealed from a nonfinal order.
On August 13, 1998, the Board of Veterans’ Appeals denied Pinther’s claim of service connection for post-traumatic stress disorder. Pinther appealed the Board’s decision to the United States Court of Appeals for Veterans Claims, seeking a remand based on alleged Board errors including the Board’s purported failure to satisfy its duty to assist under 38 U.S.C. § 5107(a). The Secretary moved for remand based on the retroactive provisions of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096. Pinther agreed that his case should be remanded, but argued that such remand should include the correction of Board errors unrelated to the VCAA. The Court of Appeals for Veterans Claims concluded that, in light of the VCAA, the case should be remanded to the Board and, accordingly, vacated the Board’s decision and remanded for readjudication of Pinther’s claims consistent with the VCAA. The Court of Appeals for Veterans Claims declined to consider Pinther’s “argument for remand for reasons independent of the VCAA[,]” explaining:
Those assertions of possible Board error may be resolved by application of the VCAA provisions or may be raised and remedied on remand to the Board. Indeed, in Best v. Principi, 15 Vet.App. 18 (2001) (per curiam order), the Court ... noted that rather than foreclose, by an adverse ruling, the appellant’s opportunity to raise the additional arguments or issues on remand, a narrow decision, as here, preserves those issues for VA re-adjudication.
The Court of Appeals for Veterans Claims further noted: “On remand, Mr. Pinther is free to submit additional evidence and argument, including the arguments raised here on appeal, necessary to the resolution of his claim.”
This court generally refuses to review nonfinal decisions of the Court of Appeals for Veterans Claims. Williams v. Principi, 275 F.3d 1361, 1363 (Fed.Cir.2002). Departure from this rule is justified only if three conditions are fulfilled:
(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, ie., that the remand proceeding may moot the issue.
Id. at 1364 (footnotes omitted).
If on remand the Board recommits the alleged errors, Pinther will be free to return to the Court of Appeals for Veterans Claims and challenge such errors. Consequently, the alleged errors in the 1998 Board decision, if repeated, will survive the remand. In addition, Pinther will be able to challenge the whole of the Board’s readjudication of his claim. Because Pinther’s appeal fails the test of Williams, the appeal is not sufficiently final for the purposes of our review and is therefore dismissed.
Accordingly,
IT IS ORDERED THAT:
(1) Pinther’s appeal is dismissed.
(2) Pinther’s motion to stay proceedings is moot.
(3) Each side shall bear its own costs.