STEINBERG, Judge,
dissenting.
I voted to grant a panel decision in this case because I believe that the Court’s refusal to address a ground for remand asserted by the appellant and conceded by the Secretary unnecessarily raises the risk that this error will be repeated on remand, and that it is an inappropriate exercise of this Court’s discretion not to address non-reversal grounds for remand in the context of a remand for readjudication in light of the enactment of the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000)(VCAA).[1] See Mahl v. Principi, 15 Vet.App. 87, 37-40 (2001) (describing Court’s discretion, in VCAA-remand context, not to address nonreversal grounds); Best v. Principi, 15 Vet.App. 18, 19-20 (2001).
In this case, the appellant has argued that the decision of the Board of Veterans’ Appeals (Board) was erroneous because it failed, in contravention of Colvin v. Derwinski, 1 Vet.App. 171, 175 (1991) (holding that when Board refuses to accept medical opinions favorable to appellant, “it [is] necessary for the [Board] to state its reasons for doing so and, more importantly, point to a medical basis other than the [Board]’s own unsubstantiated opinion which supported the decision”), to articulate an independent medical basis to support its denial of the claim on the merits. Appellant’s Remand Motion (Mot.) at 9-11. In his remand motion, the Secretary stated as *18 follows: “Hence, had the VCAA not been enacted, remand would have been required due to the obvious Colvin violation, inter alia. Nevertheless, the VCAA was enacted and the Board’s analysis only makes more obvious the Act’s relevance to the claim.” Secretary’s Mot. at 5-6. Despite his assertion that a VCAA remand obviates the need to remand on the Colvin ground, the Secretary not only concedes this error but describes it as obvious. The Court’s refusal to accept this concession of obvious error unnecessarily risks its repetition on remand, and such a repetition could very well lead to the Court’s having to deal in the future with an error that could have been corrected now. See Mahl, 15 Vet.App. at 40-47 (Steinberg, J., dissenting) (discussing generally issues and concerns that should militate in favor of Court’s exercising its discretion to consider non-VCAA, nonreversal bases for remand).[2]
Therefore, for the reasons set forth above as well as those set forth in my dissent in Mahl, supra, I believe that it is inappropriate for the Court to refuse to consider a Board error conceded by the Secretary and, hence, I dissent from the denial of a panel decision to supercede the single-judge order that remanded for read-judication purely in light of the enactment of the VCAA.

. Although I have recently stated in Brewer (Flora) v. Principi my general intention, as to matters coming before me on motions for a panel decision, "in this and future similar cases not to delay a VCAA remand in order for me to address, in a solitary way, the nonreversal remand grounds asserted by the appellant", Brewer v. Principi, 15 Vet.App. 432, slip op. at 1-2 (2002) (Steinberg, J., concurring), this case presents a different and distinguishable circumstance because the nonreversal remand grounds here are not merely asserted by the appellant but are also conceded by the Secretary. See Secretary’s Motion at 5-6. In such a circumstance, I feel obliged at least to note that this error is uncontested and to challenge the basis for the Court’s refusing to address such a ground.

. See also Benjamin v. Principi, 15 Vet.App. 216, 216-219 (2001) (Steinberg, J., dissenting) (voting, for same reasons articulated in dissent in Mahl, supra, for motion for panel decision where there was VCAA remand); Webb v. Principi, 15 Vet.App. 139, 140-43 (2001) (Steinberg, J., dissenting) (same).