# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 16-2826

EDDIE C. CLARK, APPELLANT,

V.

PETER O'ROURKE,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued December 13, 2017                    Decided July 10, 2018)

*Zachary M. Stolz*, with whom *Sarah K. Barr*, *Robert V. Chisholm*, *Megan M. Ellis*, and *Dana N. Weiner* were on the brief, all of Providence, Rhode Island, for the appellant.

*Mark D. Vichich*, with whom *James M. Byrne*, General Counsel; *Mary Ann Flynn*, Chief Counsel; *Richard A. Daley*, Deputy Chief Counsel; and *Shondriette D. Kelley*, all of Washington, D.C., were on the brief for the appellee.

*Meghan Gentile*, with whom *Harold H. Hoffman, III*, both of Indianapolis, Indiana, were on the brief for Veterans Legal Advocacy Group, P.C., as amicus curiae. *Michael J. DiLernia*, of New York, New York, also was on the brief.

Before SCHOELEN, GREENBERG, and MEREDITH, *Judges*.

GREENBERG, *Judge*, filed the opinion of the Court. MEREDITH, *Judge*, filed an opinion concurring in part and dissenting in part.

GREENBERG, *Judge*: The appellant, Eddie C. Clark, appeals through counsel a June 30, 2016, Board of Veterans' Appeals (Board) decision that found that new and material evidence had not been submitted to reopen the appellant's service connection claim for a cervical spine disability, to include as secondary to a service-connected lumbar spine disability. Record (R.) at 3-13.

This appeal is timely, and the Court has jurisdiction over the case pursuant to 38 U.S.C. §§ 7252(a) and 7266. This case asks the Court to reexamine and clarify its decision in *Kutscherousky v. West*, 12 Vet.App. 369 (1999) (per curiam order). Because the Board failed to provide the appellant with a full 90 days of postremand notice in which to submit new and material evidence, and did not inform him that he was entitled to this entire period, the Court will vacate

the June 30, 2016, decision on appeal and remand the matter for the Board to comply with the Court's holding in *Kutscherousky*.

## I. BACKGROUND

The appellant served on active duty in the U.S. Army from November 1986 to February 1987 and from May 1993 to November 1995 as an infantryman and cannon crewman. R. at 127, 499. In April 2000, the appellant filed for benefits based on service connection for a cervical spine injury, to include as secondary to a service-connected lumbar spine disability. R. at 312-13. This claim was denied in January 2001 by the regional office (RO), which found no medical evidence connecting the appellant's cervical spine injury to his active service or to the service-connected low back condition. R. at 241-50. The appellant failed to appeal this determination and it became final.

In April 2009, the appellant sought to reopen his cervical spine disability claim. R. at 200-02. The RO denied reopening the claim in August 2009. R. at 132-38. The appellant perfected an appeal to the Board in April 2010, arguing that medical evidence would support a nexus between his lumbar disability and his cervical spine injury. R. at 80-82. In January 2015, the Board declined to reopen the claim because it found that new and material evidence had not been submitted. R. at 21-27. The appellant appealed the decision.

A February 2016 memorandum decision from the Court vacated the January 2015 Board decision and remanded the matter for the Board to provide an adequate statement of reasons or bases for its new and material evidence determination. R. at 630-33. The Court strongly encouraged the appellant to submit the medical evidence he had referenced. R. at 632.

On May 11, 2016, the Board sent a letter to the appellant notifying him of the February 2016 remand and informing the appellant that, "[i]f you elect to submit any additional argument or evidence, it must be submitted to this office **within 90 days of the date of this letter or until the date the Board issues a decision in your appeal, whichever comes first**." R. at 16 (emphasis in original). In support of this statement, the Board cited § 20.1304, title 38, Code of Federal Regulations. R. at 16. On May 19, 2016, the appellant submitted a postremand brief in which he wrote:

> We direct the Board's attention to arguments previously advanced, both written and oral, by the appellant and his prior representatives. Specifically, we draw attention

2

to the contents of the Substantive Appeal, hearing transcript and the briefs filed by or on behalf of the appellant. It is believed that they have introduced into [the] record essential elements of the appellant's position on the issue and emphasized pertinent VA regulatory provisions to support the case. As the facts have been previously presented and the appellant's contentions relating to the issues remain the same in substance, they are incorporated by reference.

. . . .

This service presents this case for the Board's standard of thorough and purposeful review and we look forward to a decision representing sound rating principles consistent with the Department's policy of liberal interpretation of applicable laws, regulatory provisions, and precedent Court opinions.

R. at 585-86.

Fifty days after issuing its postremand notice letter, the Board issued a decision on June 30, 2016, declining to reopen the appellant's claim of entitlement to service connection for a cervical spine disability. R. at 3-13. The Board found that the appellant's statements that he would obtain medical evidence in support of his cervical spine claim "do not comprise an actual report of an etiology opinion made by a medical professional" or even suggest the existence of such an opinion. R. at 11. Consequently, the Board concluded that the additional evidence submitted by the appellant since the January 2001 rating decision was not new and material. R. at 12. This appeal ensued.

## II. PARTIES' ARGUMENTS

The appellant argues that, under *Kutscherousky*, § 20.1304(a), title 38, Code of Federal Regulations, applies in cases where a claim is remanded from the Court. Appellant's Brief in Response to the Court's October 27, 2017, Order (Resp. Br.) at 1-6. The appellant contends that, after the Board issued a letter notifying the appellant of the right to present additional argument and evidence following a remand from the Court, he had as a matter of right, 90 days to submit additional evidence under the parameters of 38 C.F.R. § 20.1304(a).[1] *Id.*[2] He asserts, however, that

---

[1] The language the appellant points to in *Kutscherousky* also discusses evidence submitted to the Board under the parameters of 38 C.F.R. § 19.37. *See* 12 Vet.App. at 372. This regulation applies only to evidence received by the agency of original jurisdiction (AOJ) and is thus outside the scope of this opinion. *See* Appellant's Resp. Br. at 2, n.1.

[2] On October 5, 2017, the Court issued an order requesting that the parties be prepared to discuss, in addition to the issues briefed, (1) whether 38 C.F.R. § 20.1304(a) applies to remands from the Court; (2) how the due process factors from *Mathews v. Eldridge*, 424 U.S. 319 (1976), affect the appellant's argument that the Board deprived him of procedural due process; (3) whether 38 C.F.R. § 20.1304(b) has any effect on the appellant's due process argument;

3

the Board violated his right to due process when it allowed an adjudication in fewer than 90 days after mailing the postremand notice. Appellant's Brief (Br.) at 6-9.

The appellant additionally argues that, even if § 20.1304(a) does not apply to Court remands, *Kutscherousky* still provides him a right to 90 days in which he may submit additional evidence after the mailing of the relevant notice by the Board. Appellant's Br. at 4-5; Appellant's Resp. Br. at 5. Finally, the appellant asserts that he did not need to affirmatively state his intention to submit additional evidence in order to retain the right to a 90-day submission period after submitting additional postremand argument, because rights may not be waived implicitly and the 90-day period was afforded to him as a matter of right. Appellant's Resp. Br. at 14-15.

The Secretary responds that § 20.1304(a) does not apply to remands from the Court and that, even if the regulation applies to remands from the Court, it is not implicated until 90 days after the notice letter is mailed. Secretary's Resp. Br. at 1-7. At oral argument, the Secretary conceded that, under *Kutscherousky*, the Board was required to inform the appellant that he had 90 days, without qualification, to submit additional evidence absent a waiver of that right; consequently, the Secretary conceded that the Board's letter of notice to the appellant was inadequate. *See* Oral Argument at 23:28-23:41, *Clark v. O'Rourke*, U.S. Vet. App. No. 16-2826 (oral argument held Dec. 13, 2017), http://www.uscourts.cavc.gov/oral_arguments_audio.php.

The Secretary asserts, however, that the appellant may implicitly waive his right to utilize all or some of the 90-day period. Secretary's Resp. Br. at 13-15; Secretary's Br. at 8-10. The Secretary argues that, because the appellant responded to the Board's postremand notice, it was the appellant's duty to state that additional evidence was forthcoming or that the case was not ready for adjudication; the Secretary argues that, if the appellant did not so state, he would implicitly waive the remainder of the 90-day period. Secretary's Resp. Br. at 14. The Secretary points to the following language in the appellant's postremand response: "This service presents this case for the Board's standard of thorough and purposeful review and we look forward to a decision representing sound rating principles consistent with the Department's policy of liberal interpretation of applicable laws, regulatory provisions, and precedent Court opinions." R. at 586; *see* Secretary's

---

and (4) whether the appellant must affirmatively state that he will submit additional evidence in the 90-day postremand notice period in order to keep the 90-day period open for the submission of even more additional evidence. On October 27, 2017, the Court granted the parties' joint motion to file supplemental memoranda of law addressing the above issues. Ultimately, the Court's holding derived from its answer to the fourth issue, and therefore, the remaining issues need not be addressed. *Best v. Principi*, 15 Vet.App. 18, 20 (2001) (per curiam order).

4

Resp. Br. at 14-15; Secretary's Br. at 9. The Secretary then argues that this language "seem[s] to state that [the] [a]ppellant had no more evidence to submit and that he wanted an adjudication, i.e., the veteran *implicitly* requested a waiver of the right to submit evidence later within the 90-day time period." Secretary's Br. at 9 (emphasis added). The Secretary concludes that the appellant, via his response to the postremand notice, implicitly waived his right to the full 90-day period. *Id.*; Secretary's Resp. Br. at 14-15.

### III. ANALYSIS

#### A. The Meaning of *Kutscherousky*

The Court in *Kutscherousky* held:

> [I]n every case in which the Court remands to the Board a matter for adjudication or readjudication (whether or not the Court cites to this precedential order and unless the Court specifically provides to the contrary in ordering such remand), . . . an appellant is entitled, until 90 days have expired after the Board mails to the appellant a postremand notice to the following effect, to submit, under the parameters set forth in 38 C.F.R. §§ 19.37, 20.1304(a), without a showing of good cause, additional evidence and argument, or to request by the end of such 90 days a "hearing on appeal" at which the appellant may submit new evidence, to be considered by the Board, where permitted without remand to an AOJ . . . .

12 Vet.App. at 372.

When *Kutscherousky* was decided, there was no regulation that, on its face, governed postremand notice procedures for submitting additional evidence and argument to the Board. Thus, the Board Chairman established internal procedures to govern that circumstance. *See* Board Chairman's Memorandum, 01-95-08, pt. 4 (March 9, 1995); *see also* Secretary's Resp. Br. at 2-5. The Chairman instructed the Board to send postremand notice letters to appellants advising that appellants had 30 days to submit additional argument as a matter of right. *See* Board Chairman's Memorandum, 01-95-08, pt. 4.a. The letters, however, advised that appellants were permitted to submit additional evidence within 30 days as a matter of right only if the Court's remand order permitted them to submit additional evidence; otherwise, appellants were permitted to submit evidence only under § 20.1304, which in certain circumstances required a showing of good cause. *See Kutscherousky*, 12 Vet.App. at 371-72; Board Chairman's Memorandum, 01-95-08, pts. 4.b., 4.c; 38 C.F.R. § 20.1304(b)(1). The Chairman's Memorandum provided further that the 30-day period was waivable only by an appellant or his or her representative. *See* Board Chairman's Memorandum, 01-95-08, pts. 4.b., 4.c.; *see id.* at part 4.c.(1) ("Following receipt of the appellant's

response or at the end of the 30-day period, the case will be forwarded to the appropriate Board Member(s) for adjudication.").

As a result of the *Kutscherousky* holding, the 30-day period became a 90-day period and appellants were not required to show good cause for submitting evidence during that period, even if the Court's order did not expressly permit the appellant to submit additional evidence. 12 Vet.App. at 372-73. Given this context, it would be inconsistent with the liberalizing nature of *Kutscherousky*'s holding to read the decision as simultaneously curtailing the right to submit evidence postremand, by allowing the Secretary to unilaterally reduce or eliminate the 90-day period. *Cf.* 38 C.F.R. § 20.1304(a) ("An appellant . . . will be granted a period of 90 days following the mailing of notice [of certification] . . . or until the date the appellate decision is promulgated by the Board of Veterans' Appeals, whichever comes first, during which they may submit . . . additional evidence."). Consequently, the Court agrees with the Secretary's concession that the postremand notice in this case erroneously informed the appellant that he had 90 days to submit evidence *or until the date the Board issued a decision*, because *Kutscherousky* provides that the appellant had 90 days to submit evidence without qualification. *See* 12 Vet.App. at 372-73; Oral Argument at 23:28-23:41, *Clark v. O'Rourke*, U.S. Vet. App. No. 16-2826 (oral argument held Dec. 13, 2017), http://www.uscourts.cavc.gov/oral_arguments_audio.php; Secretary's Resp. Br. at 1-7; R. at 16.

### B. Waiver of the Appellant's Right to Submit Additional Evidence

Waiver of a due process right must be voluntarily, knowingly, and intelligently made, or must be "an intentional relinquishment or abandonment of a known right or privilege." *D. H. Overmyer Co. Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 186 (1972) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)); *see Brady v. United States*, 397 U.S. 742, 748 (1970); *Miranda v. Arizona*, 384 U.S. 436, 444 (1966); *Del Rosario v. Peake*, 22 Vet.App. 399, 406 (2009) ("Due process rights may be waived . . . so long as such a waiver is made knowingly and voluntarily."). Similarly, to waive a procedural right, "the [claimant] must first possess a right, he must have knowledge of that right, and he must intend, voluntarily and freely, to relinquish or surrender that right." *Janssen v. Principi*, 15 Vet.App. 370, 374 (2001) (per curiam).

Under *Kutscherousky*, the appellant's 90-day evidence submission period exists as a matter of right. *See Kutscherousky*, 12 Vet.App. at 372. Thus, this right may not be curtailed absent a

voluntary, knowing, and intentional waiver of that right. *See, e.g.*, *Overmyer*, 405 U.S. at 186; *Brady*, 397 U.S. at 748; *Miranda*, 384 U.S. at 444.

In light of these requirements, the Court holds that the appellant did not waive his right to utilize the full 90-day postremand notice period in which to submit new evidence. *See Del Rosario*, 22 Vet.App. at 400-03, 404-07 (finding in the first instance that the appellant's written submission to VA constituted a waiver). First, as the Secretary has conceded, the postremand notice the Board mailed to the appellant provided the incorrect standard as to how much time the appellant had to submit additional evidence. Oral Argument at 23:28-23:41; *see* Secretary's Resp. Br. at 1-7; R. at 16. Given that misinformation, the appellant could not have knowingly waived his right to the full 90-day period.

Second, the appellant did not intentionally relinquish his right to submit evidence for a full 90-day period after the postremand notice. Assuming, arguendo, that the Secretary's interpretation of the postremand brief was accurate—that the appellant's statement "would seem to state that [the a]ppellant had no more evidence to submit and that he wanted an adjudication"—that interpretation is an insufficient basis on which to credit the appellant with waiving his right to submit additional evidence. *See* Secretary's Br. at 9. Regardless, the Secretary's interpretation of the postremand brief is unreasonable. Nowhere in the postremand brief is there the slightest indication that the appellant waived his right to submit additional evidence. Praying for an "equitable resolution of the appeal" and stating that he "look[ed] forward to a decision representing sound rating principles" cannot reasonably be understood as relinquishing any rights he would otherwise retain up until the actual issuance of that decision. *See* R. at 586; Secretary's Resp. Br. at 14. Finally, the Secretary's argument that the appellant was required to state his intention to submit additional evidence is meritless, because, as previously stated, *Kutscherousky* provided without qualification the procedural right to 90 days. *See Kutscherousky*, 12 Vet.App. at 372; *Janssen*, 15 Vet.App. at 375-76.

The Secretary's attempt to analogize the appellant's postremand letter to the letters found in *Del Rosario* and *Anderson v. Brown*, 9 Vet.App. 542 (1996), thus construing the letters as evidence of waiver, Secretary's Resp. Br. at 13-15, is unavailing. Unlike the appellant here, the appellants in *Del Rosario* and *Anderson* were adequately notified of their rights and that written requests were required to preserve those rights. *See Del Rosario*, 22 Vet.App. at 405-07 (holding that after the appellant was adequately notified that he had 60 days to request a hearing and that

7

he could either (1) submit a written statement asserting evidence that would be treated as equal to evidence presented at a hearing, (2) submit a written request for a hearing, or (3) remain silent and allow the period to expire without a hearing, he waived his right to a hearing because his written statement ("I disagree with the charge and wish to rebut it with the following discussion and argument") was "a clear manifestation of the appellant's intent to address the proposed charge with his *written* response and discussion," rather than in a hearing (emphasis added)); *Anderson*, 9 Vet.App. at 547 (holding that the Board "reasonably construe[d]" the appellant's representative's written statement as a waiver of the appellant's right to reschedule a hearing because, after being informed by a regulation that the appellant must show good cause and submit a written request to reschedule a hearing, the appellant's representative submitted a written statement that "contained no specific request for a change in the hearing date" and requested that the case be certified to the Board and adjudicated on the merits).

Finally, the appellant has demonstrated that these errors were prejudicial. *See* 38 U.S.C. § 7261(b)(2) (requiring the Court to "take due account of the rule of prejudicial error"); *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (holding that the harmless-error analysis applies to the Court's review of Board decisions and that the burden is on the appellant to show that he suffered prejudice as a result of VA error). The appellant asserted in his February 2017 brief regarding his current appeal that, if VA had granted him the full 90 days to submit evidence postremand, he "may have been able to procure evidence material to his claim." Appellant's Br. at 8-9; *see* R. at 11-12. In his reply brief, the appellant asserted that he has new medical evidence which may substantiate his claim and that he therefore can identify evidence that he "would have submitted…had the Board not prematurely issued the decision on appeal." Appellant's Reply Br. at 4.

Given the assertion that the appellant may have submitted evidence to the Board had he been given the full 90-day period, the Court will not find the Board's error is not prejudicial. *See* Appellant's Br. at 8-9; Appellant's Reply Br. at 4; Oral Argument at 30:04-21, 32:28-41; *Pelegrini v. Principi*, 18 Vet.App. 112, 121-22 (2004) (citing *Daniels v. Brown*, 9 Vet.App. 348, 353 (1996)) (the "Court cannot conclude that [notice] error was not prejudicial where 'it is possible that the appellant would have sought and obtained additional…evidence….' on disputed question of fact"); *Parker v. Brown*, 9 Vet.App. 476, 481 (1996) (citing *Intercargo Ins. Co. v. United States*, 83 F.3d 391, 396 (Fed.Cir. 1996) (a party is prejudiced by a technical defect where there is injury to an

interest that a statute, regulation, or rule was designed to protect)). Moreover, for the Court to determine that the appellant was not prejudiced by the Board's error may require findings of fact that the Board should make in the first instance.[3] *Pelegrini*, 18 Vet.App. at 121; *see also Andre v. Principi*, 301 F.3d 1354, 1362 (Fed. Cir. 2002). Accordingly, the Court holds that the appellant has demonstrated prejudicial error. Under these circumstances, the appellant had not waived his right to submit additional evidence in support of his claim through the full 90-day period triggered by the Board's mailing of the notice of remand. Remand is thus required for the Board to afford the appellant a full 90 days in which to submit new argument and evidence in support of his claim. *See Kutscherousky*, 12 Vet.App. at 372.

## IV. CONCLUSION

For the foregoing reasons, the June 30, 2016, Board decision is VACATED and the matter is REMANDED for readjudication.

MEREDITH, *Judge*, concurring in part, and dissenting in part: I agree with the majority that *Kutscherousky v. West*, 12 Vet.App. 369 (1999) (per curiam order), provides that, after the mailing of the postremand notice letter, the appellant is entitled to the full 90-day period to submit additional evidence, absent a voluntary, knowing, and intentional waiver. I further agree with the majority's conclusion and reasoning for finding that, in this case, VA provided erroneous information in the postremand 90-day letter, the appellant did not make a knowing and intentional waiver, and the Board of Veterans' Appeals (Board) thus erred in not providing the appellant with a full 90-day period to submit additional evidence. I dissent because, in my view, the appellant has not carried his burden of demonstrating that VA's errors were prejudicial and because the majority opinion contravenes controlling precedent in finding prejudice here. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (holding that the harmless-error analysis applies to the Court's review of Board decisions and that the burden is on the appellant to show that he suffered prejudice as a result of VA error); *see also* 38 U.S.C. § 7261(b)(2) (requiring the Court to "take due account of the rule of prejudicial error"); *Berger v. Brown*, 10 Vet.App. 166, 169 (1997).

---

[3] Assuming the Court can even rely on the statements made by counsel at the argument that were not before the Board, the dissent points to conflicting statements that the appellant's counsel made regarding the existence of potential evidence. *See infra* at 10. This would require the Court to weigh these statements.

In this case, the appellant's claim for disability compensation for a cervical spine condition was denied by a VA regional office in 2001 in part because there was "no medical opinion linking a current chronic cervical condition with [his] service[-]connected lower back condition." Record (R.) at 243; *see* R. at 5. The appellant did not appeal that decision and it became final. As the Board noted, R. at 6, in later attempting to reopen his cervical spine claim, the appellant initially asserted in a September 2009 Notice of Disagreement (NOD) that he would be "submitting new and material evidence from [his] doctor that will link [his] cervical spine disability to [his] lower back disability," R. at 125. The Board further noted that, in his April 2010 Form 9, the appellant similarly stated that "[m]edical evidence will support that a nexus exists" between his cervical spine condition and his service-connected lumbar spine disability. R. at 82; *see* R. at 6. The appellant did not submit any such evidence, and in February 2016, the Court remanded the matter, stating: "[T]he Court strongly encourages the appellant to actually submit the medical evidence he has referenced." R. at 632; *see* R. at 6.

The Board found and the appellant does not dispute that, on remand, he did not submit the referenced medical evidence; rather, the appellant asserted in his February 2017 brief regarding his current appeal that, if VA had granted him the full 90 days to submit evidence postremand, he "*may* have been able to procure evidence material to his claim." Appellant's Brief (Br.) at 8-9 (emphasis added); *see* R. at 11-12. In response to the Secretary's argument that the appellant suffered no harm because he had not identified "evidence that he would have submitted but for the Board's issuance of a decision prior to the expiration of the 90-day period," Secretary's Br. at 9, the appellant in his July 2017 reply brief stated: "[The appellant] has asserted that he has new medical evidence which may substantiate his claim, and thus he *can* identify evidence that he would have submitted . . . had the Board not prematurely issued the decision on appeal," Appellant's Reply Br. at 4 (citing R. at 125 (Sept. 2009 NOD); R. at 632 (Court's Feb. 2016 memorandum decision)). The appellant argued that, under *Wagner v. United States*, the Court cannot speculate as to the effect of VA's errors because no one could know whether the appellant would have submitted additional evidence during the remainder of the 90-day period. Appellant's Reply Br. at 4 (citing *Wagner*, 365 F.3d 1358, 1365 (Fed. Cir. 2004) ("Where the effect of an error on the outcome of a proceeding is unquantifiable, . . . we will not speculate as to what the outcome might have been had the error not occurred.")).

At oral argument in December 2017, the appellant's counsel was asked whether the appellant actually had any evidence to submit during the remainder of the 90-day period or if he has submitted any evidence since then, and the appellant's counsel responded: "Not to my knowledge. There is nothing in the record to suggest that he has submitted anything . . . . I am not aware of any [evidence]." Oral Argument at 30:33-42, 32:41-50, 33:02-10, *Clark v. O'Rourke*, U.S. Vet. App. No. 16-2826 (oral argument held Dec. 13, 2017), http://www.uscourts.cavc.gov/oral_arguments_audio.php. The appellant's counsel further stated that "truly nobody can know if he would have submitted additional evidence" in the remaining 40 days of the 90-day period. Oral Argument at 30:04-21. When asked whether the appellant had to "offer a proffer, proof of what [the appellant] would have submitted within [the] remainder of the 90-day period," the appellant's counsel responded "[n]o" because the appellant had a right to the entire 90-day period. Oral Argument at 30:42-58. The appellant's counsel further asserted that VA's errors were prejudicial here because "[the appellant] could have still submitted something in those next 40 days, and we do [not] know if he would have or not." Oral Argument at 32:28-41.

To the extent that the appellant suggests that prejudice must be presumed because the appellant had an absolute right to the 90-day period, the U.S. Supreme Court has instructed against presuming prejudice in a similar context. In *Sanders*, the Supreme Court "warned against courts' determining whether an error is harmless through the use of mandatory presumptions and rigid rules rather than case-specific application of judgment, based upon examination of the record," especially when the presumption "would require the reviewing court to find [an] error prejudicial even if that court, having read the entire record, conscientiously concludes the contrary." 556 U.S. at 407-08. In *Sanders*, the Supreme Court held that this Court properly found that a VA notice error was harmless, reasoning as follows:

> [The appellant] has not told the Veterans Court, the [U.S. Court of Appeals for the Federal Circuit (Federal Circuit)], or this Court *what specific additional evidence* proper notice would have led him to obtain or seek. He has not explained to the Veterans Court, to the Federal Circuit, or to us how the notice error to which he points could have made any difference. The Veterans Court did not consider the harmlessness issue a borderline question. Nor do we. We consequently reverse the Federal Circuit's judgment and remand the case so that the court can reinstate the judgment of the Veterans Court [finding VA's notice error harmless].

*Id.* at 413 (emphasis added).

Here, for similar reasons as described in *Sanders*, I do not consider the harmlessness issue a borderline question. As the Board noted and the record reflects, the appellant has asserted for

more than 8 years that he would be submitting a medical nexus opinion. *See* R. at 6; *see also* R. at 125 (Sept. 2009 NOD). Yet, the Board found and the appellant does not dispute that he has not submitted any such evidence. *See* R. at 6; Appellant's Br. at 4-9. Although he stated in his reply brief that "he *can* identify evidence that he would have submitted" during the 90-day period, Appellant's Reply Br. at 4 (citing R. at 125, 632), he has not done so. Rather, he simply pointed to his *2009* statement that he would be submitting additional evidence and the Court's 2016 decision urging him to submit new evidence on remand. *See Sanders*, 556 U.S. at 413 (upholding a finding of nonprejudicial error where the appellant had "not told the . . . Court . . . what specific additional evidence proper notice would have led him to obtain or seek"); Appellant's Reply Br. at 4. Referencing a description from nearly 9 years ago of evidence the appellant planned to obtain cannot suffice to carry his burden of telling the Court "what specific additional evidence" he would have submitted to the Board in 2016, particularly where, as here, the appellant's counsel at oral argument was unable to tell the Court whether such new evidence exists. *Sanders*, 556 U.S. at 413; *see* Appellant's Reply Br. at 4; Oral Argument at 30:33-42, 32:41-50, 33:02-10. Contrary to the appellant's assertion that not even a proffer of evidence is necessary to establish prejudicial error, *see* Oral Argument at 30:42-58, *Sanders* makes clear that this is exactly the appellant's burden, *Sanders*, 556 U.S. at 408-10, 413.

Similarly, to the extent the appellant relies on *Wagner* to argue that it would require impermissible speculation for the Court to conclude that VA's errors were nonprejudicial because no one could know whether the appellant would have submitted additional evidence during the remainder of the 90-day period, *see Wagner*, 365 F.3d at 1365, *Sanders* allows exactly such an analysis when an appellant fails to identify specific evidence he would have submitted or explain how VA's error made a difference, *see Sanders*, 556 U.S. at 413. Further, the question at issue here—whether the appellant would have submitted additional evidence but for VA's errors—is within the knowledge of the appellant and his attorney and, in the absence of a persuasive allegation that he would have submitted evidence or a description of any such evidence, it does not require speculation to conclude that access to the full 90-day period could not have made any difference.

Finally, I believe the majority opinion contravenes *Sanders* in finding prejudice on the basis that the appellant has asserted that it is possible that he "may have submitted evidence." *Ante* at 8. Relying instead on caselaw that pre-dates *Sanders*, the majority relieves the appellant of any

12

responsibility to tell the Court "how the . . . error to which he points could have made any difference." *Sanders*, 556 U.S. at 413; *see ante* at 8. In my view, it is inconsistent with the letter and spirit of the Supreme Court's opinion in *Sanders* to allow an appellant to carry his burden of demonstrating prejudice through an assertion that amounts to "I am not sure whether I was harmed."

For these reasons, I respectfully dissent in part because I would find that the appellant has not demonstrated that VA's errors were prejudicial and would therefore affirm the Board's decision. *See Sanders*, 556 U.S. at 412-13; *see also* 38 U.S.C. § 7261(b)(2); *Berger*, 10 Vet.App. at 169.